# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LISA GIBSON,**
**Claimant Below, Petitioner**

**vs.)     No. 21-0430** (BOR Appeal No. 2055891)
                                (Claim No. 2019000059)

**CABELA'S, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Lisa Gibson, by Counsel William Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Cabela's, Inc., by Counsel T Jonathan Cook, filed a timely response.

The issue on appeal is the reopening of the claim for temporary total disability benefits. The claims administrator denied a reopening of the claim for temporary total disability benefits on October 22, 2020. On December 12, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated April 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Gibson, a warehouse worker, signed a Report of Injury form on February 13, 2018, alleging she sustained an injury on February 12, 2018, when she was packing bricks of ammo and putting them on a belt. The physician's portion of the application was completed by staff at MedExpress, where she was diagnosed with right shoulder and bilateral thigh strains.

Ms. Gibson underwent an Independent Medical Evaluation with Victoria Langa, M.D., on December 3, 2018, for the listed conditions of status post right rotator cuff repair and sprain/strain of the bilateral hips. Dr. Langa's examination of the lower back revealed tenderness over the lower lumbar midline and bilaterally over the posterior superior iliac spine, the sacroiliac joints, the sciatic notches, and the greater trochanters. It was noted that she also complained of tenderness upon palpation of the left groin. Straight leg raising was said to be uncomfortable bilaterally at 90 degrees with hamstring tightness/pulling but no radicular symptomatology. There were no motor or sensory changes found in the lower extremities. It was Dr. Langa's opinion that she had reached maximum medical improvement for the bilateral hip sprains/strains and has basically recovered from the bilateral soft tissue injuries. Dr. Langa further stated that her ongoing issues appear to be arising from her lower back.

The claims administrator issued an Order dated March 14, 2019, to provide an updated list of the compensable conditions in the claim, which included sprain of the right shoulder joint, a complete rotator cuff tear or rupture, other sprain of the right hip, other sprain of the left hip, and sprain of the lumbar spine and pelvis. The list of conditions was issued to correct the previous Orders in the claim. Ms. Gibson did not protest the claims administrator's decision.

On April 17, 2019, a medical record of Marjorie Proffitt, CRNP, with a family medicine group, shows that Ms. Gibson complained of low back pain that radiated down into her left hip, left leg, right hip, and groin. On examination, Ms. Proffitt noted that she had negative straight leg testing bilaterally. Ms. Gibson was diagnosed with radiculopathy of the lumbar region. Ms. Proffitt recommended that she continue with physical therapy for a couple of weeks and undergo a lumbar MRI.

The claims administrator issued an Order dated April 24, 2019, suspending the claim for temporary total disability benefits stating that it had not received evidence indicating that Ms. Gibson continued to be disabled. The claims administrator also stated that the last medical report it received was from Dante Marra, M.D., dated April 15, 2019, which released her to modified duty. The claim was closed for temporary total disability benefits by Order of the claims administrator dated May 23, 2019. Ms. Gibson protested the claims administrator's decision to close the claim.

A lumbar spine MRI performed on September 27, 2019, was interpreted to show diffuse lumbar disc desiccation and mild multilevel disc space narrowing. However, there was no evidence of a lumbar spine compression deformity. The final impression found no disc herniation or spinal stenosis. The MRI did reveal lower lumbar facet hypertrophy with spondylotic changes.

Ms. Gibson completed a "BrickStreet" Claim Reopening Application for Temporary Total Disability Benefits on November 15, 2019, indicating that she had sustained an aggravation or progression of the compensable injury. The physician's portion of the form was completed by Derek Golna, D.O., at MedExpress. Dr. Golna noted that he examined Ms. Gibson on November 3, 2019, and diagnosed her with lumbosacral radiculopathy and sprain of the lumber spine and pelvis. Dr. Golna indicated that Ms. Gibson had sustained an aggravation or progression of the compensable injury. He recommended an EMG and a neurosurgical consultation. The request for authorization for a neurology consultation and EMG was denied by the claims administrator on November 18, 2019, as the consultation and testing were requested for a diagnosis of lumbar radiculopathy, which was not a compensable diagnosis in the claim. Ms. Gibson did not protest the claims administrator's decision.

Ms. Gibson returned to MedExpress on November 18, 2019, for the completion of additional paperwork in order to reopen her case. She reported her pain to be moderate to severe. Dr. Golna examined Ms. Gibson and found her to be in distress due to pain, limited range of motion in the lower back due to pain, paraspinous tenderness and muscle spasm in the lower back, and decreased strength in the lower left extremity. Dr. Golna diagnosed lumbosacral radiculopathy and referred her to a neurosurgeon. Dr. Marra treated Ms. Gibson on November 22, 2019, where upon examination he recommended that she continue her activities as tolerated and to exercise on her own. Dr. Marra stated that given her current status, he would see her back on an as needed basis. He noted that she was probably two months from reaching her maximum degree of medical improvement. She was to lift no more than twenty pounds.

On November 22, 2019, the claims administrator issued an Order denying authorization for an appointment for neurosurgery. The claims administrator stated that the request was not made for a compensable condition. Ms. Gibson did not protest the claims administrator's decision. On December 2, 2019, the Office of Judges affirmed the May 23, 2019, Order of the claims administrator that closed the claim for temporary total disability benefits.

Ms. Gibson submitted into evidence a second Claim Reopening Application. However, the bottom portion of Section I and the top portion of Section III were missing. Dr. Golna

completed Section III on December 11, 2019, and his responses in blocks 6 through 10 are identical to his responses set forth in Section III of the previous application completed on November 19, 2019. Along with completing another Claim Reopening Form, Dr. Golna also completed a UNUM Disability and FMLA Medical Certification for Ms. Gibson on December 11, 2019. He noted that she was unable to work from November 3, 2019, through December 31, 2019. Dr. Golna then noted that she would need to be off of work one time every three months from December 31, 2019, through December 21, 2020, due to a worsening of her condition. The diagnoses causing Ms. Gibson to be unable to work were lumbar radiculopathy and sprain of unspecified parts of the lumbar spine and pelvis. Dr. Golna noted that the treatment plan was for Ms. Gibson to be referred to a neurosurgeon and for an EMG.

Ms. Gibson was seen by Justin Baker, D.C., on December 18, 2019, for chiropractic therapy. She presented with complaints of a constant dull aching pain in her low back. The pain radiated down into her bilateral hips and went all the way down into her ankles. She explained that the pain started in 2018 at work when she bent down to grab a box, and that the pain is worse when she sat for long periods of time or did activities. Dr. Baker diagnosed a tear of the gluteus medius tendon and lumbar radiculopathy.

Ms. Gibson's request to add radiculopathy as a compensable condition was denied on December 26, 2019. She protested the claims administrator's order but failed to submit any evidence in support of her protest. The Office of Judges issued a Show Cause Order on August 7, 2020, and the protest was subsequently dismissed on September 1, 2020. Therefore, lumbar radiculopathy remains a non-compensable condition in the claim.

Ms. Gibson returned to Dr. Baker on January 22, 2020. She reported no change since her last visit. Dr. Baker once again diagnosed a tear of the gluteus medius tendon and lumbar radiculopathy. Dr. Baker opined that the pain was due to a terrible gluteus medius with surrounding edema. A lumbar MRI was ordered, and Dr. Baker noted that Ms. Gibson may need an injection for hip pain. On January 30, 2020, Michael Scarpone, D.O., performed a right hip ultrasound injection with a treating diagnosis of trochanteric bursitis of the right hip. Dr. Scarpone diagnosed right gluteal tendinopathy.

On February 2, 2020, Ms. Gibson returned to MedExpress with pain and limited range of motion in her lower back due to pain. She was diagnosed with lumbar radiculopathy. She was advised to follow-up with Dr. Baker, who treated her on February 10, 2020. It was noted that her right hip injection helped the lateral hip, but the groin area was still painful. Dr. Baker diagnosed lumbar radiculopathy and a tear of the gluteus medius tendon and recommended an MRI of the lumbar spine. Ms. Gibson underwent an MRI of her lumbar spine on February 17, 2020, which revealed degenerative changes with the greatest being described at L5-S1. No significant central canal, lateral recess, or foraminal stenosis were identified.

Kenneth Fortgang, M.D., performed an Age of Injury Analysis report on May 22, 2020. The findings at L5-S1 were noted to represent a herniation associated with loss of T2 nuclear signal, mild spondylosis, and modic change markers for chronicity. Dr. Fortgang found that there was some disagreement with the findings which were described at L5-S1. However, he stated

that the findings of herniation were associated with markers for chronicity, and the finding was considered to be chronic. No specific acute findings were noted.

In a Final Decision dated October 22, 2020, the Office of Judges affirmed the claims administrator's Order dated December 12, 2019, denying Ms. Gibson's request to reopen her claim for the payment of temporary total disability benefits. The Office of Judges found that she had not established by a preponderance of the evidence that the claims administrator committed error in denying her request. Specifically, the Office of Judges concluded that her disabling condition was due to lumbar radiculopathy, which was never added as a compensable component of the claim. Although Ms. Gibson protested the December 26, 2019, Order denying the addition of lumbar radiculopathy as a compensable condition, she later withdrew her protest. As a result of her withdrawal, the Office of Judges dismissed the protest on August 26, 2020. The Office of Judges also found that the medical evidence of record shows that Ms. Gibson's lumbar radiculopathy was the primary, if not exclusive, cause of her temporary disabling condition. By Order dated April 22, 2021, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Ms. Gibson has degenerative conditions based upon the MRIs in the record. While she may have lumbar spine pain, the reason she was taken off of work was due to lumbar radiculopathy, not the sprain that occurred two years prior. Lumbar radiculopathy is not a compensable component in the claim, and there has been no aggravation or progression of the compensable condition. The Board of Review did not err in affirming the denial of Ms. Gibson's application to reopen her claim for temporary total disability benefits as the request was made due to the aggravation of a non-compensable condition.

Affirmed.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn